RECEIVED
IN ALEXANDRIA, LA.

AUG 2 6 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MARLON BROOKS<br>    LA. DOC #432568<br>VS. | CIVIL ACTION NO. 09-1067<br>SECTION P<br>JUDGE DRELL |
| WARDEN JERRY GOODWIN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Marlon Brooks, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on June 22, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the David Wade Correctional Center (DWCC) in Homer, Louisiana. Petitioner attacks his 2002 armed robbery and aggravated burglary convictions in the Ninth Judicial District Court, Rapides Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On December 4, 2002 petitioner entered a *nolo contendere* plea to armed robbery and aggravated burglary and he was

sentenced to serve 15 years at hard labor. [rec. doc. 1, ¶3] He did not appeal. [rec. doc. 1, ¶6]

On November 18, 2004 he filed an application for post-conviction relief in the Ninth Judicial District Court raising four claims for relief: (1) insufficient factual basis for the plea; (2) selective prosecution; (3) double jeopardy; and (4) ineffective assistance of counsel. [rec. doc. 1, ¶7(b)] On some unspecified date his application was denied. [*Id.*] He applied for writs in the Third Circuit Court of Appeal and on April 18, 2006 the Third Circuit denied his application in part and granted it in part. Then, on September 14, 2007 the Third Circuit denied writs. Petitioner sought review in the Louisiana Supreme Court and that court denied writs on August 22, 2008. [*Id.*; see also State of Louisiana ex rel. Marlon Brooks v. State of Louisiana, 2007-2175 (La. 8/22/2008); 988 So.2d 262.

Petitioner filed another post-conviction attack on his conviction in the Ninth Judicial District Court on August 29, 2005. Therein he alleged that his plea was invalid because of a non-existent Bill of Information. On some unspecified date the District Court denied relief and petitioner sought review in the Third Circuit Court of Appeal. On some unspecified date the Third Circuit, citing State v. Parker, 98-0256 (La. 5/8/1998), 711

So.2d 694,[1] construed the pleading as an application for post-conviction relief and denied it as time-barred by the provisions of La. C.Cr.P. art. 930.8. [rec. doc. 1, ¶7(c)]

Petitioner's undated *habeas corpus* petition was received and filed on June 22, 2009. Petitioner presents a single claim for relief, "To support Alford plea[2], constitutional due process requires trial court record to contain strong evidence of actual guilt or significance of substantial factual basis for plea." In support of his claim he argues, "The trial court was put on notice there was an "Alford plea" being entered and when I protested my innocence. Therefore triggering the necessity for trial court to satisfy itself there was a sufficient or substantial factual basis to support the entering of a guilty plea to crime as charged." [rec. doc. 1, ¶5] Petitioner did not provide a brief, memorandum of law, or exhibits in support of his claim.

---

[1] In Parker, the Supreme Court held that petitioners may not utilize La. C.Cr.P. art. 882's Motion to Correct an Illegal Sentence and its "at any time" limitations period to challenge trial error. Such motions must be construed as applications for post-conviction relief subject to the limitations period established by La. C.Cr.P. art. 930.8.

[2] See North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). A criminal defendant entering an Alford plea pleads guilty but affirmatively protests his factual innocence to the charged offense. See Alford, 400 U.S. at 31, 91 S.Ct. at 65. Elsewhere petitioner refers to the plea as a "*nolo contendere*" plea. Although an Alford plea and a plea of *nolo contendere* are not technically synonymous, resolution of this apparent discrepancy is not necessary to the outcome of this proceeding.

3

## Law and Analysis

### 1. Limitations - 28 U.S.C. §2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). <u>Villegas v. Johnson</u>, 184 F.3d 467, 468 (5th Cir. 8/9/1999); <u>In Re Smith</u>, 142 F.3d 832, 834, citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

---

[3] Nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Further, it does not appear that the factual predicate of petitioner's claims was only recently discovered. (see 28 U.S.C. § 2244(d)(1)(C) and (D)) Petitioner does, however, argue that he is entitled to reckon the limitations period as provided in §2244(d)(1)(B) because the state created an impediment "[w]hen it failed to timely furnish my *Boykin* examination transcript of guilty plea." [rec. doc. 1, ¶4] That claim is addressed in Part 2, below.

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner was convicted and sentenced on December 4, 2002. [rec. doc. 1, ¶3(b)] He did not appeal. [rec. doc. 1, ¶6] Therefore, for AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], on December 11, 2002 when the delay for filing a motion for appeal elapsed.[4] Under 28 U.S.C. §2244(d)(1) petitioner had one

---

[4] See La. C.Cr.P. art. 914(B)(1) which at the time of petitioner's conviction provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." (The statute now provides a 30-day period for filing the motion to appeal, however, the current version was amended by Acts 2003, No. 949, §1 of the Louisiana Legislature.)

See also La. C.Cr.P. art. 13 which provides that legal holidays are not included in the computation of a period of time if the period is less than 7 days. Petitioner was sentenced on Wednesday December 4, 2002. Pursuant to art. 13, the following weekend, Saturday December 7 and Sunday December 8 are not

year, or until sometime December 11, 2003 to file his federal *habeas* petition.

Petitioner filed his first application for post-conviction relief in the Ninth Judicial District Court on November 18, 2004, but, by that time, his 1-year period of limitations had already expired and therefore he could not rely on the tolling provisions of §2244(d)(2) since, as noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

### 2. *Limitations – 28 U.S.C. §2244(d)(1)(B)*

Petitioner argues that the AEDPA limitations period should be reckoned as provided in §2244(d)(1)(B) which provides that the AEDPA limitations should run from "...the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action..." According to petitioner, the impediment complained of was the State's failure to timely furnish the transcript of the plea colloquy.

Petitioner, however, has shown no impediment as the term is

---

counted. Thus, the five day period for filing a motion for appeal expired on Wednesday, December 11, 2002.

ordinarily defined. To be entitled to rely on the reckoning period defined by §2244(d)(1)(B), "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir.2003).

The statute does not specifically define what constitutes an "impediment", however, its "plain language ... makes clear that whatever constitutes an impediment must <u>prevent a prisoner from filing his petition</u>." Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir.2002)(emphasis supplied). The fact that petitioner did not receive a copy of his plea transcript, could not have prevented him from timely filing either an application for post-conviction relief or a federal writ of *habeas corpus*.

In other words, the petitioner has failed to identify a State-created impediment that prevented him from timely filing the instant action.[5]

The one-year statute of limitations must therefore be calculated from the date petitioner's judgment of conviction became final by the expiration of the time for seeking further direct review.

---

[5] Further, petitioner does not allege the date he ultimately received the transcript. If he received it more than 2 months prior to the date he filed his first application for post-conviction relief in November 2004, his current petition would still be time-barred since petitioner allowed 10 months to elapse between the conclusion of his post-conviction litigation and the date he filed the instant petition.

### *3. Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting Davis, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See Turner v. Johnson, 177 F.3d 390, 291 (5th Cir.1999); see also Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." Coleman v. Johnson, 184 F.3d 398, 402 (1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting

Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Finally, equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. Scott v. Johnson, 227 F.3d 260, 262 (5th Cir.2000); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.2000); Coleman v. Johnson, 184 F.3d 398, 403 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000). As shown above, petitioner allowed a period of approximately 10 months to elapse between the Supreme Court's writ denial which terminated his post-conviction litigation in the State courts (August 22, 2008), and the date he filed his federal suit (June 22, 2009). Petitioner was hardly diligent and therefore cannot claim the benefits of equitable tolling.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of either statutory or equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten

(10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.[6] A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana  August 26, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[6] In the event petitioner objects, he should provide the date he received a copy of the plea colloquy transcript and additional argument and factual support for his assertion that a State created impediment prevented him from timely filing this collateral attack.